**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

OUTLAW LABORATORY, L.P.,

    Plaintiff,

v.                                                                 Case No. 18-12497

902 DORT, INC.,
*et al.*,

    Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION**
**FOR DEFAULT JUDGMENT**

Plaintiff Outlaw Laboratory has filed a motion for default judgment against Defendant gas stations. (ECF No. 166.) Defendants allegedly sold illegal male-enhancement pills that were in competition with products produced by Plaintiff. (ECF No. 1, PageID.8, ¶ 9.) Defendants have not filed a response.

Plaintiff filed its complaint in August 2018. (ECF No. 1.) Defendants failed to answer or make appearances before the court, resulting in entries of default. Defaults were entered on November 15, 2018, December 11, 2018, and February 20, 2019. (ECF Nos. 117, 133, 134, 148.) After failing to remove the defaults for eight months at the minimum, Plaintiff filed the current motion.

Federal Rule of Civil Procedure 55(b) gives the court the power to enter a default judgment after a default has been entered by the clerk. *Disney Enterprises v. Farmer*, 427 F. Supp. 2d 807, 814 (E.D. Tenn. 2006); *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 930 (W.D. Mich. 2013). When considering a motion for default judgment, "well-

pleaded factual allegations in the [c]omplaint, except those relating to damages, are taken as true." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995)); *Flynn v. People's Choice Home Loans, Inc.*, 330 Fed. App'x 452, 455 (6th Cir. 2011).

Plaintiff has pleaded valid claims against Defendants. Plaintiff alleges that Defendants engaged in deceptive marketing to steer consumers away from Plaintiff's male-enhancement products and toward illegal male-enhancement products. (ECF No. 1, PageID.31-35, ¶¶ 156-73.) This constitutes a violation of 15 U.S.C. § 1125, Mich. Comp. Laws § 445.903, and Michigan's common law for unfair competition. *Wysong Corp. v. APN, Inc.*, 889 F.3d 267, 270 (6th Cir. 2018) (concerning a competitor's action for false and misleading advertisements under 15 U.S.C. § 1125); *Action Auto Glass v. Auto Glass Specialists*, 134 F. Supp. 2d 897, 902-03 (W.D. Mich. 2001) (involving a competitor's suit for deceptive trade practices under Mich. Comp. Laws § 445.903); *In re Sprint Comm. Co., L.P.*, 592 N.W.2d 825, 832 (Mich. Ct. App. 1999) (discussing the prohibition of unfair or misleading advertising under Michigan common law in the context of a competitor's suit). On the issue of damages, Plaintiff has presented convincing evidence through economic analysis that each Defendant obtained a profit of $62,045.24 from the period of 2012 to 2018. (ECF No. 166-2.) Given that Defendants' violations entitle Plaintiff to Defendants' profits, the court will award Plaintiff $62,045.24 per Defendant.[1] 15 U.S.C. § 1117(a); *Balance Dynamics Corp. v. Schmitt Indus., Inc.*, 204 F.3d 683, 688 (6th Cir. 2000).

---

[1] Defendant Michigan Stop & Go, Inc. has two gas stations that allegedly sold the illegal products at issue. One is located in Dearborn, Michigan and the other in Allen

Plaintiff also seeks $1,717.44 per Defendant in attorneys' fees and costs. Plaintiff has provided the court with a detailed accounting of hours billed and litigation fees. (ECF No. 166-3.) The Lanham Act allows the court to award attorneys' fees and costs "in exceptional cases." 15 U.S.C. § 1117(a); *Coach, Inc. v. Goodfellow*, 717 F.3d 498, 505-06 (6th Cir. 2013). To meet this standard, Defendants' actions must be "malicious, fraudulent, willful, or deliberate." *Audi AG v. D'Amato*, 469 F.3d 534, 551 (6th Cir. 2006); *Eagles, Ltd. v. American Eagle Foundation*, 356 F.3d 724, 728 (6th Cir. 2004). Plaintiff alleges that the Federal Drug Administration, the Michigan Attorney General, and the attorneys general of forty-four other states have issued warnings regarding the illegal products sold by Defendants. (ECF No. 1, PageID.5-6, ¶¶ 1-2.) Plaintiff further alleges that it sent letters directly to Defendants, demanding that Defendants cease and desist. (*Id.*, ¶ 2.) Despite these attempts, Defendants continued to sell illicit and potentially hazardous products. (*Id.*) Assuming these facts as true, the court finds enough evidence for willful and deliberate violations of the Lanham Act. *Cross*, 441 F. Supp. 2d at 848; *D'Amato*, 469 F.3d at 551. Plaintiff is entitled to $1,717.44 per Defendant in attorneys' fees and costs.

Plaintiff has properly obtained entries of default against Defendants. Since Plaintiff has alleged valid claims, its motion for default judgment will be granted. Plaintiff has also shown that Defendants' actions were willful and deliberate, entitling Plaintiff to attorneys' fees and costs. Accordingly,

---

Park, Michigan. (ECF No. 1, PageID.27, ¶¶ 133-34.) Judgment amounts detailed in this order will be assessed twice against that Defendant.

IT IS ORDERED that Plaintiff's Motion for Default Judgment (ECF No. 166) is GRANTED.

IT IS FURTHER ORDERED that Defendants' shall each pay Plaintiff $62,045.24 for violations of 15 U.S.C. § 1125, Mich. Comp. Laws § 445.903, and Michigan's common law for unfair competition and $1,717.44 for attorneys' fees and costs under 15 U.S.C. § 1117(a), totaling $63,762.68 per Defendant.

                                         s/Robert H. Cleland                 /
                                         ROBERT H. CLELAND
                                         UNITED STATES DISTRICT JUDGE

Dated: October 30, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 30, 2019, by electronic and/or ordinary mail.

                                         s/Lisa Wagner                     /
                                         Case Manager and Deputy Clerk
                                         (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\18-12497.OUTLAW.MotionforDefaultJudgment.RMK.docx